IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES SMITH, JR.                                                                         PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:19cv260-DPJ-FKB

AMIRACLE RHODES, ERICK
MORRIS, LACEDRICK
FLETCHER, and TYLER
SMITH                                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

Charles Smith, Jr., a state inmate in the custody of the Mississippi Department of Corrections (MDOC), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison officials. An omnibus hearing was held before the undersigned on September 25, 2019, at which Smith testified concerning his claims. Smith's allegations, as set forth in his complaint and in his omnibus hearing testimony, are that Defendants have brandished their knives at him and threatened to stab and shoot him and that Defendant Amiracle Rhodes has frequently come into his cell illegally, used profanity against him, and falsified RVR's against him. He seeks both damages and injunctive relief. Presently before the court is Plaintiff's motion for injunctive relief [12] and the motion to dismiss [16] filed by Defendants. The undersigned recommends that Plaintiff's motion be denied and that Defendants' motion be granted.

In their motion to dismiss, Defendants argue that Plaintiff did not exhaust his administrative remedies and that his allegations fail to state a claim. Plaintiff admits that he failed to exhaust his claims in the administrative remedies program. He states in his

complaint that he submitted three grievances concerning his complaints, that all were rejected for failing to meet MDOC's requirements, and that he took no further action. [1] at 10. Documents attached to his complaint show that these grievances were rejected because they violated the prohibitions on requests for relief for other inmates, for monetary damages, and for staff to be investigated or punished. [1-1],    [1-2], [1-3], [1-4], [1-5], [1-6]. Plaintiff could have responded to these rejections by filing grievances that complied with the administrative requirements. He admits, however, that he never did so.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement applies to all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, it requires exhaustion of all remedies that are available, including pursuit of all levels of a grievance process. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). It is undisputed that Plaintiff failed to meet this requirement. Therefore, his complaint is subject to dismissal.

Moreover, Plaintiff's allegations fail to state a claim for relief under § 1983. Mere verbal abuse, threats, offensive language, and threatening gestures do not rise to the level of a constitutional violation. *See Boettner v. Raimer*, 122 F. App'x 711, 713 (5th Cir. 2004); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). As to his allegation

2

that Defendant Rhodes has falsified RVR's against him, Plaintiff has given no specifics other than to submit a copy of one RVR, most of which is illegible. [24-1]. Neither has Plaintiff alleged any other irregularities in the disciplinary process. That Plaintiff believed this or any other RVR to have cited untrue facts does not, in and of itself, raise a constitutional issue. *See Doolittle v. Holmes*, 306 Fed. App'x 133, 134 (5th Cir. 2009); *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).

Plaintiff's motion for injunctive relief is directed against Defendant Fletcher. In the motion, Plaintiff complains that Fletcher has brandished a knife at him, verbally threatened him, and refused him a shower. He also states that on July 5, 2019, Fletcher entered his cell "illegally" and punched him in the stomach. He requests relief in the form of a "no contact" order. The undersigned has already concluded that Plaintiff's allegations concerning threats and the brandishing of weapons do not state a claim. Likewise, the allegation that Fletcher refused to allow Plaintiff to shower on one occasion does not rise to the level of a cognizable constitutional claim.

As to his allegation of physical assault by Defendant Fletcher, Plaintiff never mentioned this incident in his omnibus hearing and he never sought to file a supplemental complaint alleging excessive force against Defendant Fletcher. Therefore, the undersigned concludes that this allegation is not properly before the Court and cannot provide a basis for any relief.

For these reasons, the undersigned recommends that Defendants' motion to dismiss be granted and that Plaintiff's motion for injunctive relief be denied.

3

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of June, 2020.

s/ F. Keith Ball_____
United States Magistrate Judge
